ATTORNEY'S NAME: Cantrell Jr, ·Harry  03852
AND ADDRESS:    Commissioner,Criminal Dist Ct,  309 Baronne
                St, Ste 300
                New Orleans   LA 70112-1108

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2007 -- 11871      1                    SECTION:  8   – N

FREDRICK, JULES E.  ET AL versus ALLSTATE INSURANCE COMPANY

# C I T A T I O N

TO:  ALLSTATE INSURANCE COMPANY

THROUGH: LOUISIANA SECRETARY OF STATE
         8549 UNITED PLAZA BLVD.

**SERVED ON
JAY DARDENNE**

BATON ROUGE              LA   70809

**OCT 1 7 2007**

YOU HAVE BEEN SUED:

SECRETARY OF STATE
COMMERCIAL DIVISION

You must either comply with the demand contained in the petition
FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
*                            ADDITIONAL INFORMATION                                                 *
* Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer  *
* Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.  *
* If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you  *
* may call 529 - 1000 for more information.                                                         *
* COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA     September 13, 2007

Clerk's Office,  Room 402,  Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                          The Civil District Court
New Orleans, LA                                            for the Parish of Orleans
                                                          State of

                                                          by _____
                                                                    Deputy Clerk

---

## SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES | FOR DAMAGES |
| | |
| On ALLSTATE INSURANCE COMPANY | On ALLSTATE INSURANCE COMPANY |
| | |
| | |
| THROUGH: LOUISIANA SECRETARY OF STATE | THROUGH: LOUISIANA SECRETARY OF STATE |
| | |
| | by leaving same at the dwelling house, or usual place of |
| | abode, in the hands of _____ |
| _____ | a person of suitable age and discretion residing therein as |
| Returned  same day | a member of the domiciliary establishment, whose name |
| _____ No. | and other facts connected with this service I learned by |
| Deputy Sheriff of _____ | interrogating  HIM  /  HER the said _____ |
| Mileage: $_____ | ALLSTATE INSURANCE COMPANY |
| | |
| _____ / ENTERED / _____ | being absent from the domicile at time of said service. |
| PAPER              RETURN | Returned  same  day |
| | _____ No. |
| _____ / _____ / _____ | |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |



*atty Copy*

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

2007 AUG 29 P 8 30

STATE OF LOUISIANA
HURRICANE LITIGATION

CIVIL
DISTRICT COURT

NO.: 2007-11871          SECTION *N-08*     DIVISION " "

JULES E. FREDRICK, JAY BANKS, MARY WOODS LEWIS, EARL HARRIS,
ADRENA LINNES, ARNAZ HAMMOND AND CELESTE LABAT

**VERSUS**

**ALLSTATE INSURANCE COMPANY**

*************************************************************************

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel come the plaintiffs, Jules E.
Fredrick, Jay Banks, Ed Harris, Adrena Linnes, Arnaz and Celeste Labat all major
residents and domiciliaries of Jefferson Parish who with respect represents:

1.

Made defendant herein is:

Allstate Insurance Company, herein after referred to as (Allstate), a foreign insurer
licensed to and doing business in the State of Louisiana.

2.

Venue is proper in the Court pursuant to Louisiana Code of Civil Procedure Article
76.

3.

The plaintiffs owned immovable properties at:

(a) Jules E. Fredrick, 8751 Lomond, New Orleans, LA 70127
*No Records Found*

(b) Jay Banks, 3306 Robert Street, New Orleans, LA 70115
*511350517 5CAT*
*Artelia Bennett w/0A Jay Banks*

(c) Adrena Linnes, 2664 Havana Street, New Orleans, LA70119
*5113794167 CAT*
*Adrena Linnes*

(d) Arnaz Hammond, 13042 Deauville Court, New Orleans, LA 70129
*5114145559 CAT*
*Arnaz Hammond*

(e) Celeste Labat, 5560 Baccich Street, New Orleans, LA 70122
*5113896367 CAT Celeste Labat*

(f) Earl Harris, 2635 Robert Street, New Orleans, LA
*5113584949 CAT Mrs. Earl D. Harris*

(g) Mary Woods Lewis, #50 Pratt Drive, New Orleans, LA 70122
*5113382205 CAT Mary T. Lewis*

**4.**

At all relevant time herein, the defendant, Allstate, provided homeowners insurance coverage for the identified properties including fire and wind peril. That at all times material hereto, defendant had issued to Petitioners homeowners policy or policies providing wind, fire and other coverage's for the above described properties which policy or policies were in full force and effect as of Hurricanes Katrina and/or Rita, all terms and conditions of said policy or policies are pleaded in extenso as though copied herein.

**5.**

Hurricanes Katrina and Rita severely damaged the covered properties as a result of wind and rain damage, prior to any flooding in the area. The perils severely damaged, destroyed or otherwise rendered the above described properties uninhabitable. Plaintiffs do not believe that their damages will exceed $70,000.00 exclusive of interest and court costs.

**6.**

The hurricane damage to the covered properties resulted from a covered peril.

**7.**

The damage to Petitioners' properties caused by wind and rain was sustained prior to any flooding of the area. The wind damage to Petitioners' property includes the following:

    a)    A large portion of the roofs were badly damaged;

    b)    Some of the felt and sheathing on the roofs were badly damaged and /or blown away;

    c)    Some turbine roof vents were blown away;

    d)    Several windows were blown out; and

    e)    Numerous storm-related penetrations through the structure's otherwise waterproof "skin" allowed wind-driven rain to saturate the insulation, drywall, and paint finishes of the interior of the dwelling, together with its contents.

**8.**

Hurricane-force winds blew shingles and other items from neighboring properties into Petitioners' property, resulting in additional damage from fly debris.

**9.**

Although the covered properties were substantially damaged, Allstate has failed to timely adjust/appraise its insured's losses, including failing to pay the face value of the policy under Louisiana Revised Statute 22:658.

10.

Upon information and belief, the defendant is applying a computation of loss in derogation of La. R.S. 22:695, which provides:

§ 695   Value policy clause; exceptions

   A. Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss, the property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which later case, the policy, and any application therefore, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

   B. Any clause, condition, or provision of a policy of fire insurance contrary to the provisions of this Section shall be null an void, and have no legal effect. Nothing contained herein shall be construed to prevent any insurer from canceling or reducing, as provided by law, the insurance on any property prior to damage or destruction.

   C. The liability of the insurer of a policy of fire insurance, in the event of total or partial loss, shall not exceed the insurable interest of the insured in the property unless otherwise provided for by law. Nothing in this Section will be construed as to preclude the insurer from questioning or contesting the insurable interest of the insured.

   D. This Section shall only apply to policies issued or renewed after January 1, 1992, and shall not apply to a loss covered by a blanket-form policy of insurance nor to a loss covered by a builders risk policy of insurance.
          Acts 1991, No.850, § 1; Acts 1995, No 737, § 1.

11.

In its policy to Petitioners', Allstate agreed to pay for direct physical loss of, or damage to Petitioners' insured properties resulting from a covered loss such as windstorm, as well as damage to personal properties and /contents, additional expenses and loss of use, as well as various other overages as set forth in the policy.

12.

Allstate placed a valuation upon Petitioners' property covered by the policy including the dwelling, and other structures and contents. Allstate used such valuation for property for the purpose for determining the premium charged for the policies.

13.

Neither the policies issued to Petitioners by Allstate nor the application therefor set forth a clear and unambiguous different method of computing the value of said loss

other than to use the valuation placed upon the properties by Allstate in order to determine the premium.

14.

There is no criminal fault on the part of the insured's (Petitioners), or the assigns of the insured's in the case of this covered loss.

15.

The policies issued by Allstate to Petitioners were issued or renewed after January 1, 1992.

16.

The policies issued by Allstate to Petitioners are not blanket-form policies or a Builder's risk policy of insurance.

17.

Allstate is liable for the amount of Petitioners' loss, valued per La. R.S. 22:695.

18.

Petitioner or their assigns have submitted proof of loss to Allstate.  Allstate has received Petitioners' proof of loss.  Allstate has not asked Petitioners for additional proof of loss.

19.

More than thirty (30) days have elapsed since Allstate or its agent has received Petitioners' satisfactory proof of loss on their claim.

20.

In the event of a catastrophic loss, LSA-R.S. 22:658 A(3) requires an insurer to initiate loss adjustment within 30 days after notification of the loss by the claimant. This statute also provides that failure to comply with his provision shall subject the insurer to penalties set forth in LSA-R.S. 22:1220.  Upon information and belief, Allstate did not initiate loss adjustment within thirty days of notification of the loss by the Petitioners so it is subject to the penalties set forth in LSA-R.S. 22:1220.

21.

LSA-R.S. 22:658 A(4) requires an insurer to make a written offer to settle within thirty (30) days of receipt of satisfactory proof of loss.  Allstate did not make a written offer to settle within thirty days of receipt of satisfactory proof of loss from Petitioners and therefore breached this obligation.  Such breach was arbitrary, capricious, and/or without probable cause, so Allstate is therefore subject to penalties as set forth in this statute.

22.

LSA-R.S. 22:658(B) provides that the failure to make a payment within 30 days of receipt of satisfactory proof of loss or failure to make a written offer to settle a property damage claim within 30 days after receipt of satisfactory proof of loss, when found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty in additional to the amount of loss 25% of amount due or $1,000 or in the event of a partial payment or tender has been made, twenty-five (25%) percent of the difference between the amount paid or tendered and the amount found to be due. Allstate did not make a payment or make a written offer to settle within thirty days of receipt of or satisfactory proof of loss from Petitioners. Such failure was arbitrary, capricious, and/or without probable cause, so it is liable for a penalty of 25% of the amount due. Petitioners aver that any breach of this statute subsequent to August 15, 2006 will entitle it to penalties of 50%, not 25% of the amount due.

23.

LSA-R.S. 22:1220 provides that an insurer owes to his insured a duty of good faith and fair dealing and that an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured. Allstate did not exercise good faith and fair dealing with the insured in the subject litigation. Likewise, it did not adjust the claim fairly and promptly and make a reasonable effort to settle claims with the insured, so it is liable for the damages sustained as a result of the breach.

24.

LSA-R.S. 22:1220 B(5) provides that the failure to pay the amount of any claim due any insured within sixty days after receipt of satisfactory proof of loss, when such failure is arbitrary, capricious, or without probable cause, if knowingly committed or performed, is a breach of the duty imposed in LSA-R.S. 1220(A). Allstate breached its duty to Petitioners because it did not pay the claim within sixty days after receipt of satisfactory proof of loss, and such act was knowingly performed or committed, and such failure was arbitrary, capricious, and/or without probable cause.

25.

LSA-R.S. 22:1220 provides that in addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or $5000 (Five Thousand Dollars,) whichever is greater. Because Allstate breached its duties imposed by statue, Petitioners should be award penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

26.

To the extent that any provision in the polices require action that was or is impossible or impractical due the conditions in post-Katrina New Orleans, such provisions are in contravention of public policy. The failure to comply, in full or in part, when such actions was or is impossible or impractical due to the conditions in post-Katrina New Orleans, should be excused.

27.

Any requirement in the insurance policy that the insured commence to repair or rebuild within 180 days of the loss in order to recover depreciation is impractical, if not impossible, in post-Katrina New Orleans. As such, this requirement should be

stricken from the policy. Alternatively, Petitioners affirmatively plead the doctrine of
*contra non valentem* as a bar to their performance and their lack of compliance, if
any, should be excused.

28.

Petitioners have fully and/or materially complied with all requirements of the
policy of insurance. Any purported non-compliance with any policy provisions is an
immaterial non-compliance.

29.

As a result of the actions and inactions by the defendant, the plaintiffs have
suffered the following non-exclusive damages:

**Additional Living Expenses**

**Loss of Use**

**Property Damage**

**Inconvenience**

**Damage to Contents**

**Other Structures**

**Wherefore Plaintiff Prays:**

1. That the defendant be cited and served with a copy of this petition;

2. That after due proceedings had, there be judgment in favor to the plaintiff and
   against the defendant;

3. That the defendant be cast with all costs of these proceedings including an award
   of attorney fees to be fixed by this court;

4. That the plaintiff be awarded punitive and treble damages;

5. Costs for repairs and replacement of property;

6. Recovery of depreciation and additional expenses;

7. Litigation expenses and penalties;

8. Further praying for both general and equitable relief available

Respectfully submitted;

Harry E. Cantrell, Jr#03852
300 Baronne Street, Suite 300
New Orleans, LA 70112

(504) 585-7347

**Please Serve the Defendant**

Allstate Insurance Company
Through the Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

2007 AUG 29  P 8: 30

HURRICANE LITIGATION

NO. _____

CIVIL
DISTRICT COURT

DIVISION____

_____

VERSUS

_____

ORDER

THIS MATTER will come before the Court for case management conference

on the _31st_ day of _January_, 20_08_

at __9:30_ o'clock _A_.m., before Division _N_.

NEW ORLEANS, LOUISIANA, this _13_ day of

_Sept_, 20_07_

_____
Myrna J. Shelton, Minute Clerk
Division "N"
BY ORDER OF THE COURT     JUDGE

PLEASE SERVE WITH PETITION:

A TRUE COPY

DEPUTY CLERK  CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF

```
WKFPO45  SW                 CFS Client Portfolio              11/01/2007 13:18:05

Select Policy or Claim to access detail, then press Enter.

JULES FREDRICK
8751 LOMOND RD                                    Phone: (504) 241-4647
NEW ORLEANS, LA  70127-1537                       SSN: ***-**-
                                                  DOB: 11/29/1947
                                                  Sex: M

     Customer Status  : Former
     Relationship Since: 04/30/1985
                                                    Page:    1 of   1
     Line Rels  Policy/Claim     Eff Date   Stat Term Date  Rsn Agent     AR RC
  1  Auto Ins+  045497194        04/30/1985 Term 11/23/1986 30   659464
  2             1642694515       11/14/1986
```

```
Selection ===> _  Next Screen ===> _____
F1=Help  F2=Display SSN  F3=Exit  F7=Bkwd  F8=Fwd
```